IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| RYAN LANG, on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> DUPLIN COUNTY EMERGENCY MEDICAL SERVICES, <br><br> *Defendant*. | Case No.: 7:18-cv-77 <br><br> Collective and Class Action <br> **COMPLAINT** |

COMES NOW, Ryan Lang ("Named Plaintiff"), on behalf of himself and all others similarly situated (collectively "Named and Putative Plaintiffs"), by and through undersigned counsel, hereby sets forth this collective/class action against Defendant Duplin County Emergency Medical Services ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This action is brought individually and as a collective action for unpaid overtime compensation, liquidated damages, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant had a systemic company-wide policy, pattern, or practice of misclassifying their employees as exempt from the FLSA, willfully failing to compensate employees for all hours worked, willfully failing to compensate employees at the appropriate overtime rate for overtime hours worked, and violating statutory recordkeeping provisions.

2. This action is also brought individually and as a class action against Defendant for

failing to compensate Named and Putative Plaintiffs all owed, earned, and/or promised wages, on their regular pay date, in direct contravention of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*.

3. Defendant's pay practices and policies were in direct violation of the FLSA and the NCWHA. Accordingly, Named and Putative Plaintiffs seek unpaid overtime compensation and unpaid owed, earned, and/or promised wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. The United States District Court for the Eastern District of North Carolina has jurisdiction because Defendant conducts business in Duplin County, North Carolina which is located within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducted business within the Eastern District of North Carolina, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

7. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

8. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

9. The evidence establishing liability for both causes of action will be similar, and neither issue will predominate nor create confusion for a jury.

## PARTIES

10. Named Plaintiff is an adult resident of the State of North Carolina, residing at 5069 Western Boulevard, Apt. 3H, Jacksonville, NC 28546.

11. Named Plaintiff is presently employed by Defendant as an hourly-paid paramedic and has held that position since approximately March 2015.

12. The FLSA collective action Putative Plaintiffs consist of individuals who were, are, or will be employed by Defendant as hourly-paid workers, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were misclassified as exempt from overtime pay requirements, including, but not limited to, paramedics, Emergency Medical Technicians (EMTs), and Intermediates.

13. The NCWHA Rule 23 proposed class action Putative Plaintiffs consist of individuals who were, are, or will be employed by Defendant as hourly-paid workers, at any time within the two (2) year period prior to the filing of this lawsuit, who were not paid all wages due and owing, including, but not limited to, paramedics, Emergency Medical Technicians (EMTs), and Intermediates.

14. Defendant Duplin County Emergency Medical Services is a Duplin County governmental entity with a principal location of 209 Seminary Street, Kenansville, NC 28349.

15. Upon information and belief, during the time period relevant to this action, Defendant was an employer, joint employer, or member of an integrated, common enterprise, that employed Named and Putative Plaintiffs, pursuant to the FLSA and NCWHA, in that Defendant, or its agents, held or implemented the power, *inter alia*, to control the work performance of Named and Putative Plaintiffs, and Defendant received the benefit of Named and Putative Plaintiffs' labor.

## COVERAGE

16. At all times material to this action, Defendant has acted, directly or indirectly, in

3

the interest of an employer or joint employer with respect to Named and Putative Plaintiffs.

17. At all times material to this action, Defendant has been an employer within the defined scope of the FLSA, 29 U.S.C. § 203(d).

18. At all times material to this action, Defendant has been an employer within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

19. At all times material to this action, Named and Putative Plaintiffs have been individual employees within the scope of the FLSA, 29 U.S.C. § 207.

20. At all times material to this action, Named and Putative Plaintiffs have been employees within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

21. At all times material to this action, Defendant has been a public agency within the meaning of the FLSA, 29 U.S.C. § 203(x).

22. At all times material to this action, Defendant has been an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), since Defendant acts as a public agency, and such activities "shall be deemed to be activities performed for a business purpose" under § 203(r)(2)(C).

## **FACTUAL ALLEGATIONS**

23. Defendant is responsible for providing emergency medical treatment and transportation throughout Duplin County, North Carolina.

24. Defendant employs paramedics, EMTs, and Intermediates who are responsible for administering medical care and for the transportation of sick or injured persons in response to emergency and non-emergency calls.

25. Named Plaintiff worked for Defendant from approximately March 2015 through the present.

4

26. Named Plaintiff's job duties include, but are not limited to: (1) responding to emergency calls as a driver or attendant; (2) performing necessary rescue work in accordance with established protocols for Advanced Life Support; (3) administering necessary emergency medical care; (4) performing pulmonary ventilation by means of an endotracheal tube and administering epinephrine; (5) oxygen administration; (6) hemorrhage control; (7) treatment for shock; (8) bandaging and dressing soft tissue injuries; (9) splinting fractures and dislocations; (10) treatment of injuries to body parts; (11) assisting in normal and abnormal childbirth; (12) lifting and moving patients for transfer to a medical facility; and (13) extraction of patients from confined areas.

27. Named Plaintiff may also be required to perform "marginal functions," including answering the telephone, teaching first aid, inspecting and testing ambulance and equipment, cleaning and sanitizing ambulance and equipment, and performing routine maintenance.

28. At no time were Named and Putative Plaintiffs responsible for performing fire protection or law enforcement activities.

29. At no time were Named and Putative Plaintiffs trained in fire suppression.

30. At no time did Named and Putative Plaintiffs have the power to arrest.

31. At no time were Named and Putative Plaintiffs trained in firearm proficiency.

32. At no time were Named and Putative Plaintiffs trained in criminal or civil law principles.

33. At no time were Named and Putative Plaintiffs trained in investigative or law enforcement techniques.

34. Named and Putative Plaintiffs typically work a standard schedule of twenty-four (24) hours on, and seventy-two (72) hours off.

35. Named and Putative Plaintiffs typically work two (2) twenty-four (24) hour shifts

5

per week, totaling forty-eight (48) hours worked per week.

36. During weeks when Named and Putative Plaintiffs work forty-eight (48) hours per week, Defendant pays half-time for the eight (8) overtime hours worked by dividing Named and Putative Plaintiffs' weekly salary by forty-eight (48), and multiplying one-half of that rate for the eight (8) hours of overtime.

37. Approximately one (1) week per month, Named and Putative Plaintiffs typically work only one twenty-four (24) hour shift, since their other shifts fall after the end of the pay period.

38. When Named and Putative Plaintiffs are called to work a shift beyond their regularly-scheduled twenty-four (24) or forty-eight (48) hours, they are paid "Call Back Pay," which is derived by dividing the weekly salary by forty (40), not by the actual number of hours worked in the week, to arrive at the Call Back Pay Rate. The Call Back Pay Rate is the same in overtime and non-overtime workweeks. Defendant also only pays straight time for hours worked over forty-eight (48) in a single workweek.

39. Further, Defendant often shifts Named and Putative Plaintiffs' pay for overtime hours worked during the standard-schedule workweeks, to hours worked during shorter twenty-four (24) hour workweeks, enabling Defendant to avoid several hours of premium overtime pay.

40. Named and Putative Plaintiffs regularly complained to Defendant about its unlawful pay practices, and Defendant's practices have been the subject of at least one investigation by the United States Department of Labor ("USDOL").

41. The USDOL's investigative period was from January 23, 2015 to January 20, 2017. During the USDOL's investigation, Defendant expressly conceded that Named and Putative Plaintiffs were misclassified as exempt under the FLSA. The USDOL's findings revealed that

6

Case 7:18-cv-00077-BO   Document 1   Filed 05/11/18   Page 6 of 15

Defendant did not comply with the overtime pay provisions or recordkeeping requirements of the FLSA.

42. When the USDOL requested that Defendant pay any and all back wages owed, and change its pay practices prospectively, Defendant refused to do so.

43. Defendant continues to operate in violation of the law, despite the USDOL's investigation, findings, and recommendations to Defendant, to comply with the FLSA. See Ex. B, USDOL's investigative findings.

44. As described herein, Defendant willfully violated Named and Putative Plaintiffs' rights by failing to pay them the wages they were owed.

45. Upon information and belief, at all times material to this complaint, Defendant's uniform approach throughout their operations in compensating Named and Putative Plaintiffs was intentionally done to evade their obligations under the FLSA and NCWHA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. Named Plaintiff brings the First Count of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees.

47. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who were, are, or will be employed by Defendant as hourly-paid workers, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were misclassified as exempt from overtime pay requirements, including, but not limited to, paramedics, Emergency Medical Technicians (EMTs), and Intermediates.

48. The members of the proposed collective action, like Named Plaintiff, were employed as emergency personnel, and were subject to the same or similar pay practices.

49. The members of the proposed collective action are known to Defendant, are readily

7

Case 7:18-cv-00077-BO Document 1 Filed 05/11/18 Page 7 of 15

identifiable, and may be located through Defendant's records.

50. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Named and Putative Plaintiffs.

51. Named Plaintiff requests that he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

52. Pursuant to 29 U.S.C. § 216(b), attached to and filed with the instant Complaint as Exhibit A, is a Consent to File Suit as Plaintiff executed by Named Plaintiff.

## NCWHA CLASS ACTION ALLEGATIONS

53. Named Plaintiff brings the Second Count of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendant's violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq.*

54. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named and Putative Plaintiffs.

55. The Proposed Class: Individuals who were, are, or will be employed by Defendant as hourly-paid workers, at any time within the two (2) year period prior to the filing of this lawsuit, who were not paid all wages due and owing, including, but not limited to, paramedics, Emergency Medical Technicians (EMTs), and Intermediates.

56. Numerosity: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises of at least fifty (50) persons.

57. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Named and Putative Plaintiffs have been harmed by Defendant's failure to pay all owed, earned, and/or promised wages. The common questions of law and fact include, but are not limited to, the following:

    a. Whether Named and Putative Plaintiffs were misclassified pursuant to the NCWHA;

    b. Whether Defendant failed to pay Named and Putative Plaintiffs all owed, earned, and/or promised wages, on their regular pay date, in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7, and 95-25.13; and

    c. Whether Defendant lawfully compensated Named and Putative Plaintiffs for all of their hours worked.

58. <u>Typicality</u>: The claims of Named Plaintiff are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation practices of Defendant, as alleged herein, including failing to pay employees all of their owed, earned, and/or promised wages pursuant to N.C. Gen. Stat. § 95-25.6. Defendant's compensation policies and practices affected all putative class members similarly. Named Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

59. <u>Adequacy of Representation</u>: Named Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest

between Named Plaintiff and members of the proposed class. Named Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

60. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

61. <u>Public Policy Considerations</u>: Defendant violated the NCWHA. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment,

future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

**COUNT ONE**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wages)**
**(On Behalf of Named and Putative Plaintiffs)**

62. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

63. The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). The FLSA defines "employ" broadly, to cover anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. § 203(g).

64. Pursuant to the FLSA, 29 U.S.C. § 207, employers must pay non-exempt employees at a rate of one and one-half (1.5) times their regular rate of pay, for all hours worked over forty (40) in a single workweek.

65. At all relevant times, Named and Putative Plaintiffs were non-exempt, covered employees pursuant to the FLSA.

66. In addition to Defendant explicitly conceding to the USDOL that it had misclassified Named and Putative Plaintiffs as exempt from the FLSA, no exemption under the FLSA applies to Named and Putative Plaintiffs. Named and Putative Plaintiffs do not qualify as exempt under § 207(k) since they were not trained in fire suppression, did not did not have the legal authority or responsibility to engage in fire suppression, were not employed by a fire department of a municipality, were not engaged in the prevention, control, and extinguishment of

11

fires, were not empowered to enforce laws designed to maintain public peace and order, did not have the power to arrest, and did not receive training as to self-defense, firearm proficiency, criminal and civil principles, or law enforcement techniques. Named and Putative Plaintiffs' duties were exclusively paramedical in nature.

67. As a result of misclassifying Named and Putative Plaintiffs as exempt from the FLSA, Defendant failed to compensate Named and Putative Plaintiffs the rate of one and one-half (1.5) times their regular hourly rate each workweek, for hours worked over forty (40) in a workweek, in violation of 29 U.S.C. § 207.

68. Named and Putative Plaintiffs are entitled to back wages at a rate of at least one and one-half (1.5) times their regular rate of pay.

69. Defendant's misclassification of Named and Putative Plaintiffs is in direct contrast to the express language of the FLSA, and Defendant refused to correct its practices even upon the USDOL's findings and recommendations, and Defendant's concession, that Named and Putative Plaintiffs were misclassified. Accordingly, Defendant is unable to defend their failure to pay overtime wages as having been done in good faith, entitling Named and Putative Plaintiffs to liquidated damages under 29 U.S.C. § 216(b).

70. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), permitting the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

71. As such, Named and Putative Plaintiffs seek to recover from Defendant the following damages:

    a. Overtime wages due;

    b. Liquidated damages in an equal amount;

c. Reasonable attorneys' fees and costs; and

d. All other legal and equitable relief as the Court deems just and proper.

## COUNT TWO
### Violation of the North Carolina Wage and Hour Act
### N.C. Gen. Stat. § 95-25.6
### (Failure to Pay All Owed, Earned, and/or Promised Wages)
### (On Behalf of Named and Putative Plaintiffs)

72. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

73. At all relevant times, Defendant has employed Named and Putative Plaintiffs within the meaning of the NCWHA.

74. Defendant employed Named and Putative Plaintiffs within the State of North Carolina.

75. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, employers must pay all owed, earned, and/or promised wages accruing to their employees, for all hours of work, at their regular hourly rate.

76. As set forth above, Defendant, pursuant to its policies and practices, knowingly failed to pay wages to Named and Putative Plaintiffs for all hours worked.

77. As set forth above, Named and Putative Plaintiffs have sustained losses and lost compensation as a proximate result of all Defendant's violations.

78. For the reasons stated above, including, but not limited to, conceding that it misclassified its employees, Defendant cannot affirmatively defend its NCWHA violations as having been done in good faith, entitling Named and Putative Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under N.C. Gen. Stat. § 95-25.22(a1).

79. Accordingly, Named and Putative Plaintiffs seek to recover from Defendant the

following damages:

      a. Earned, owed, and/or promised wages due;

      b. Liquidated damages in an equal amount;

      c. Reasonable attorneys' fees and costs;

      d. Pre-judgment interest; and

      e. All other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and all those similarly situated, prays that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiff as a representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the NCWHA, and designate Named as a representative on behalf of all those similarly situated under the NCWHA class;

3. Award Named Plaintiff and all those similarly situated actual damages for all unpaid wages found due to Named Plaintiff and those similarly situated, and liquidated damages equal in amount, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1), and pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Award Named Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA, 29 U.S.C. § 216(b);

5. Award Named Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d), and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6. Award Named Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, May 11, 2018.

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez, NCSB #36812
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Phone: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com

*Attorney for Plaintiff*