IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:18-CV-00077-BO

RYAN LANG, on behalf of himself and all others similarly situated,

    *Plaintiff*,

    v.

DUPLIN COUNTY,

    *Defendant*.

## JOINT RULE 26(f) REPORT

**Date Initial Complaint Filed**: May 11, 2018

**Date Amended Complaint Served**: August 16, 2018

**Date of Defendant's Appearance:** June 20, 2018

**Date of Defendant's Answer to Plaintiff's Complaint:** Answer to Amended Complaint is not due until September 6, 2018.

    **1.** Pursuant to Fed. R. Civ. P. 26(f) and LR 26.1(e)(2), a telephonic meeting was held on August 14, 2018 by telephone and was attended by Gilda A. Hernandez and Emma J. Smiley for Plaintiffs, and Scott C. Hart for Defendant.

    **2.** **Initial Disclosures**. The parties agree to exchange initial disclosures as required by Rule 26(a)(1) by no later than **September 28, 2018**.

    **3.** **Discovery Plan.** The parties propose to the Court the following discovery plan:

    The parties believe that in the interest of fairness, efficiency, and judicial economy, and to further facilitate the possibility of an early settlement – a bifurcated discovery schedule would most benefit the Court and parties. As such, the parties believe that the initial resolution of the issue of whether this case is appropriate for collective and/or class treatment will greatly affect the

1

parties' views and proposals on the final discovery plan. The parties propose that discovery in this case be bifurcated as follows:

**Phase I "Pre-Certification" Discovery:** Discovery should be limited to the factual circumstances underlying a potential motion for class certification on Plaintiff's state claims under the North Carolina Wage and Hour Act, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and Plaintiff's federal claims under the Fair Labor Standards Act's collective action provisions. There is one exception to this limitation: depositions of parties and/or fact witnesses during Phase I may cover all issues in the litigation, so that a second deposition taken during Phase II will not be needed. Depositions of expert witnesses, if any, will take place in Phase II.

The parties propose that **Phase I pre-certification discovery** be completed within one-hundred and twenty (120) days from the day the Court enters its Case Management Order or **February 28, 2019**, whichever date is later. The parties further propose that Plaintiff file his **motion for conditional and/or class certification** within thirty (30) days from the completion of Phase I pre-certification discovery or **March 28, 2019**, whichever date is later.

**Phase II "Merits" Discovery:** Upon the Court's ruling on Plaintiff's motion for conditional and/or class certification, the parties propose that they meet and confer, within thirty (30) days of the Court's ruling, with or without the Court's presence, to reassess the claims, defenses, and possibilities for resolution of the case, and to formulate a final discovery plan for merits discovery, as provided in Rule 26(f). The parties agree that Phase II discovery should take place subsequent to the Court's ruling on any motion for conditional and/or class certification and the issuance of a trial plan by the Court, as Phase II discovery would involve significant expert discovery relating to disputed time periods at issue.

**4.   The Parties anticipate that Phase I discovery will be needed on the following subjects**:

- Whether the named Plaintiff is "similarly situated" to the proposed class;
- Whether the named and putative Plaintiffs were misclassified as exempt from overtime pursuant to § 207(k) of the FLSA;
- Whether joinder of all members of the proposed class is practicable;
- Whether there are questions of fact or law common to the proposed class that

predominate over any questions affecting only individual members;

- Whether the named Plaintiff can fairly and adequately protect the interests of the proposed class;
- Whether class and collective action is an appropriate method for the fair and
- Whether Defendant maintained common uniform policies and practices applicable to the proposed class;
- Defendant's time-keeping and compensation practices during the relevant time period;
- Employment information for Plaintiff and putative plaintiffs and class members;
- Lists of various jobs, description of each job's function, the number of employees for each job, and the names of supervisors and managers for each job;
- Any written policies, procedures, handbooks, or other materials related to Defendant's compensation practices implicated by the FLSA and/or NCWHA assertions set forth in the Complaint; and,
- Any other topics that might be necessary for discovery prior to a ruling on certification.

**The parties anticipate that they will be able to complete Phase I discovery by February 28, 2019.**

a) During Phase I, there shall be a maximum of fifteen (15) interrogatories by any party to any other party, except as consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including interrogatories.

b) During Phase I, there shall be a maximum of fifteen (15) requests for production of documents by any party to any other party, except as otherwise consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for production of documents.

c) During Phase I, there shall be a maximum of fifteen (15) requests for admission by any party to any other party, except as otherwise consented to by the parties. Responses will be due thirty

(30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for admission.

d) During Phase I, there shall be a maximum of four (4) depositions by Plaintiff and four (4) depositions by Defendant, except as otherwise consented to by the parties or allowed by the Court for good cause shown.

e) The parties agree that depositions of non-party witnesses shall be limited to four (4) hours in length and that the depositions of party witnesses shall be limited to seven (7) hours in length.

f) Disclosure of retained experts and reports from said experts under Rule 26(a)(2) shall be due in accordance with the parties' Phase II discovery plan.

g) **Electronically Stored Information:** The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court that the following constitute relevant information:

   i. Payroll and timekeeping records stored by Defendant(s) during the time of Plaintiff's and putative plaintiffs' employment with Defendant(s);
   ii. Electronic mail (including all electronic attachments) sent to and/or from the parties and/or decision-makers or employees of Defendant(s) using Defendant's email during the relevant time period and related to the relevant pay issues, including but not limited to the U.S. Department of Labor's investigation of Defendant(s) pay practices;
   iii. Any electronically stored information, including but not limited to text messages, photos, video surveillance cameras, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof) related to the relevant pay issues, and
   iv. Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of FRCP 26 for discovery purposes.

h) **Form of Production/Preservation**: The parties will preserve information or materials, including electronically stored information, that a party reasonably should know may be relevant to this litigation or as may be otherwise agreed to. Production of electronically stored information shall be discussed by counsel for the parties, or knowledgeable employees of the parties if necessary, prior to production to ensure that the information is produced in a form that maintains its integrity and is reasonably usable by the requesting party. If the information is reasonably usable in the form in which it is ordinarily maintained, then it shall be produced in the form in which it is ordinarily maintained. Should issues of reasonable accessibility, undue burden and cost, and good cause arise with respect to recovery of electronically stored information, the parties will negotiate regarding these issues but reserve the right to seek a judicial resolution by filing a motion to compel or a motion for a protective order.

i) Supplementations under Rule 26(e) are due within thirty (30) days after a party discovers new information that must be disclosed in order to supplement or correct a prior disclosure or a prior response to a request for a discovery, provided, however, that during the final thirty (30) days of discovery, supplementations will occur as soon as practicable so as not to prejudice either party.

    **5.**    **Mediation**.  The parties are exploring the possibility of conducting mediation during Phase I, the exact date to be set by the mediator after consultation with the parties.  If the parties are unable to conduct mediation during Phase I, they agree to conduct mediation after the Court issues its ruling on Plaintiff's motion for conditional/class certification and prior to the filing of dispositive motions.  The parties agree that the mediator shall be Ken Carlson of Constangy Brooks, Smith & Prophete LLP.

    **6.**    **Preliminary Deposition Schedule.**  Preliminarily, the parties agree that the depositions may commence within 30 days after Defendant's production/responses to written discovery.

The parties will update this schedule at reasonable intervals.

    **7.**    **Other items.**

    **a.**    The deadline to request leave to join additional parties or amend pleadings shall be extended to either: (a) 30 days from any order by the Court denying Plaintiff's motion for conditional and/or class certification and issuance of notice; or (b) shall be thirty (30) days after

the close of the opt-in period and class notice period, should Plaintiff's motion for conditional certification and issuance of notice be granted. The parties reserve the right to move to amend their pleadings thereafter if new facts or circumstances are discovered which warrant such amendment.

**b.** After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

**c.** The parties do not request a conference with the Court prior to the entry of the Scheduling Order but do request to meet with the Court regarding a proposed discovery control plan/scheduling order within forty-five (45) days following the close of the opt-in or class notice period, or within forty-five (45) days following the Court's denial of Plaintiff's motions for collective action certification.

**d.** The parties do not request a pre-trial conference in accordance with the parties' Phase II discovery plan but seek allowance of the Court to request such a conference if necessary within thirty days of commencement of Phase II.

**e.** All potentially dispositive motions shall be filed in accordance with the parties' Phase II discovery plan, to be set following the Court's ruling on Plaintiff's motion for conditional and/or class certification.

**f.** Settlement is a possibility and will be explored after some discovery has been completed; or, in the alternative, parties are open to reconsidering the desirability of attempting to settle this case following the resolution of Plaintiffs' motion for conditional and class certification.

**g.** Parties will submit Rule 26(a)(3) disclosures as required by that rule and, in any case, no later than thirty (30) days prior to trial.

**h.** Parties agree to file objections under Rule 26(a)(3)(B) within fourteen (14) days after service of the disclosure to which the objection is made.

**i.** The deadline for Plaintiff to seek conditional collective and/or R.23 class certification action certification is **March 28, 2019**.

**j.** The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or

appointment of a master, and parties **do not** agree or consent to the appointment of a master or referral to a magistrate judge.

**k.** Pending disposition of the FLSA and R.23 certification issues, the parties cannot predict an approximate length of trial. A jury trial has been demanded.

The parties have no other matters to present at this time.

Respectfully submitted, this August 21, 2018.

BY: /s/ *Gilda A. Hernandez*  
 Gilda A. Hernandez (NCSB #36812)  
 Emma J. Smiley (NCSB #46407)  
 **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**  
 1020 Southhill Drive, Suite 130  
 Cary, NC 27513  
 T: 919.741.8693  
 F: 919.869.1853  
 ghernandez@gildahernandezlaw.com  
 esmiley@gildahernandezlaw.com

*Attorneys for Plaintiffs*

/s/ *Scott C. Hart*  
Scott C. Hart (NCSB #19060)  
**SUMRELL SUGG CARMICHAEL HICKS AND HART, P.A.**  
PO Drawer 889  
New Bern, NC 28563  
T: 252-633-3131  
F: 252-633-3507  
shart@nclawyers.com

Wendy Sivori  
N.C. State Bar No. 28075  
Duplin County Attorney  
Post Office Box 966  
Kenansville, North Carolina 28349  
Telephone: (910) 372-9332  
Facsimile: (910) 296-1879  
Email: wendy.sivori@duplincountync.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I electronically filed the foregoing true and accurate copy of **THE PARTIES' JOINT RULE 26(f) REPORT** with the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document to the following:

Scott C. Hart (NCSB #19060)
**SUMRELL SUGG CARMICHAEL HICKS AND HART, P.A.**
PO Drawer 889
New Bern, NC 28563
T: 252-633-3131
F: 252-633-3507
shart@nclawyers.com

Wendy Sivori
N.C. State Bar No. 28075
Duplin County Attorney
Post Office Box 966
Kenansville, North Carolina 28349
Telephone: (910) 372-9332
Facsimile: (910) 296-1879
Email: wendy.sivori@duplincountync.com

*Attorneys for Defendant*

    Respectfully submitted,
    */s/ Gilda A. Hernandez*
    Gilda A. Hernandez (NCSB No. 36812)
    Emma J. Smiley (NCSB No. 46407)
    **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
    1020 Southhill Drive Suite 130
    Cary, NC 27513
    Tel: (919) 741-8693
    Fax: (919) 869-1853
    ghernandez@gildahernandezlaw.com
    esmiley@gildahernandezlaw.com

    *Attorneys for Plaintiff*