UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-77-BO

RYAN LANG, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DUPLIN COUNTY,

    Defendant.

O R D E R

This matter is before the Court on defendant's motion for partial judgment on the pleadings. [DE 35]. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, defendant's motion for partial judgment on the pleadings [DE 35] is GRANTED.

BACKGROUND

In May 2018, plaintiff filed this action on his own behalf and on behalf of all others similarly situated. [DE 1]. Plaintiff alleges that defendant intentionally misclassified an array of hourly workers, including paramedics, emergency medical personnel, and related county employees, as exempt from overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Plaintiff brings two causes of action: (1) an FLSA collective action on behalf of himself and any affected employees within the last three years for their overtime wages and liquidated damages and (2) a putative class action for behalf of himself and any affected employees who will be employed in the next two years under North Carolina's Wage & Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*, for promised overtime wages and liquidated damages.

In January 2019, defendant moved under Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings as to plaintiff's second cause of action, arguing that the N.C. Wage &

Hour Act does not apply to governmental units and the claim should be dismissed. [DE 35]. Plaintiff responded, conceding that he has no objection to dismissal of the N.C. Wage & Hour Act claim but protesting the timing of the filing. [DE 39].

## DISCUSSION

A Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted is assessed under the Rule 12(b)(6) standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiff has conceded that dismissal is appropriate on the N.C. Wage & Hour Act claim. The N.C. Wage & Hour Act exempts from its provisions, including the overtime provisions most relevant to this action, the State of North Carolina and "any city, town, county, or municipality, or any State or local agency or instrumentality of government." N.C. Gen. Stat. § 95-25.14(d); *see also Johnson v. N.C. Dep't of Transp.*, 418 S.E.2d 700, 704 (N.C. 1992) (finding that the N.C. Wage & Hour Act "expressly exempts any State or local agency from its overtime compensation

provisions); *Newber v. City of Wilmington*, 350 S.E.2d 125, 127 (N.C. 1986) (applying the exemption to municipalities). Plaintiff alleged in his amended complaint that defendant is a "local governmental entity." [DE 30, ¶ 15]. Plaintiff further concedes that he has no objection to defendant's motion. [DE 39, p. 2]. Thus, judgment on the pleadings is appropriate, and under Rules 12(b)(6) and 12(c), plaintiff's N.C. Wage & Hour Act claim must be dismissed.

## CONCLUSION

For the reasons discussed above, defendant's motion for partial judgment on the pleadings [DE 35] is GRANTED and plaintiff's N.C. Wage & Hour Claim is dismissed.

SO ORDERED, this __1__ day of February, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE