IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| RYAN LANG, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| *Plaintiff,* | )<br>) CA No. 7:18-cv-00077-BO<br>) |
| v. | )<br>)<br>) |
| DUPLIN COUNTY, | )<br>) |
| *Defendant.* | )<br>) |

## ORDER

Before the Court is Plaintiff's Unopposed Motion to Approve FLSA Settlement Agreement, Including Award of Attorneys' Fees and Costs, Service Award, and Incorporated Memorandum in Support (Dkt. No. 74). Having reviewed and considered the motion and all evidence offered in support, the Court finds as follows:

(1) The terms of the parties' Settlement Agreement (Dkt. No. 74-2) are fair and equitable to all parties concerned, the litigation involves a bona fide wage and hour dispute, and the Settlement contains an award of reasonable attorneys' fees;

(2) The attorneys' fees provided in the Settlement Agreement are reasonable in light of the work performed and results obtained with the parties' Settlement Agreement;

(3) Plaintiff's costs and expenses were reasonably and necessarily incurred in the prosecution of this litigation, and

(4) Plaintiff's requested Service Award is reasonable and justified to compensate for Plaintiff Ryan Lang's efforts, which inured to the common benefit of the FLSA Collective Members.

WHEREFORE, this Court holds as follows:

(1) Plaintiff's Unopposed Motion to Approve FLSA Settlement Agreement, Including Award of Attorneys' Fees and Costs, Service Award, and Incorporated Memorandum in Support (Dkt No. 74) is GRANTED: (i) approving the parties' Settlement Agreement; (ii) approving a gross settlement fund of $495,000; (iii) awarding Named Plaintiff Ryan Lang a Service Award in the amount of $15,000; (iv) awarding attorneys' fees in the amount of $165,000.00, which represents 33.33% of the Fund; (v) reimbursing $3058.91 in litigation expenses (to be paid from the Fund) that Collective Counsel incurred; and (vi) $4000.00 which represents the Settlement Administrator's cost to administer the settlement.;

(2) The Settlement Administrator is directed to issue settlement payments to the FLSA Collective Members in accordance with the terms of the Settlement Agreement;

(3) Payment of attorneys' fees, costs, and service award requested in Dkt No. 74 shall be made in accordance with the terms of the Settlement Agreement (Dkt. No. 74-2);

(4) This Court retains jurisdiction over this case for purposes of resolving any issues pertaining to settlement administration;

(5) The Clerk of Court is directed to dismiss this case with prejudice.

2

Entered this 29 day of January, 2020.

                                                                                            *Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE